371 So.2d 489 (1979)
AMERICAN RESTAURANT SUPPLY COMPANY, a Florida Corporation, Appellant,
v.
Lawrence B. Wilson, Appellee.
No. II-473.
District Court of Appeal of Florida, First District.
January 9, 1979.
Rehearing Denied March 23, 1979.
Robert B. Kane, Terrence T. Dariotis, Tallahassee, for appellant.
Jim L. Dye of Dye & Thrasher, Frank A. Graham, Jr., Daniel O. Palmer, Tallahassee, for appellee.
MILLS, Judge.
This appeal presents the question whether the description of collateral in a security agreement entered into by American Restaurant Supply Company (American), the secured party, and Robert Markland and Wilmark, Inc. (Wilmark), the debtor, is sufficient to enable the security interest to be enforced against Wilmark or third parties.
A security interest cannot be enforced against the debtor or third parties unless the collateral is in the possession of the secured party or the security agreement contains a description of the collateral. Section 679.203(1), Florida Statutes; Section 9-203(1), U.C.C. The description of collateral "... is sufficient whether or not it is specific if it reasonably identifies what is described... ." Section 679.110, Florida Statutes; Section 9-110, U.C.C. The Comment to Section 9-110 of the Uniform *490 Commercial Code states that the test of sufficiency of a description "... is that the description do the job assigned to it  that it make possible the identification of the thing described."
Although Section 679.110, Florida Statutes, (Section 9-110, U.C.C.), sets forth the test for sufficiency of the description of collateral in both the security agreement and the financing statement, a description of collateral sufficient for a financing statement might not be sufficient in a security agreement. This is because the financing statement and the security agreement serve different purposes.
The purpose of the financing statement is merely to provide notice of a possible security interest in the collateral in question. Official Comment, Section 9-402, Uniform Commercial Code. Section 679.402, Florida Statutes, (Section 9-402, U.C.C.), requires that the financing statement contain a description indicating the types of collateral in which the secured party may have a security interest. The description of collateral in a financing statement is sufficient if it reasonably informs third parties that an item in the possession of the debtor may be subject to a prior security interest, thus putting the parties on notice that further inquiry may be necessary. Associates Capital Corp. v. Bank of Huntsville, 274 So.2d 80 (Ala. Civ. App. 1973); Owen v. McKesson & Robbins Drug Co., 349 F. Supp. 1327 (N.D.Fla. 1972).
The security agreement is the contract between the parties; it specifies what the security interest is. Because of its different function, greater particularity in the description of collateral is required in the security agreement than in the financing statement. See Beard, The Description of Collateral in Security Agreements and Financing Statements, 28 Mercer L.Rev. 611 (1977); Note, Commercial Transactions: The Adequacy of the Description of Collateral in Uniform Commercial Code Financing Statements and Security Agreements, 27 Okl.L.Rev. 469 (1974); 39 Mo.L.Rev. 75 (1974). A description of collateral in a security agreement is sufficient if the description makes possible the identification of the items in which a security interest is claimed.
The Comment to the Uniform Commercial Code, Section 9-208 (Section 679.208, Florida Statutes), clearly indicates that the description of collateral in a security agreement is required to be more precise than in the financing statement. Section 9-208 permits the debtor to submit a list of collateral to the secured party who must approve or correct the list in writing within two weeks. The Comment to this Section states:
"2. The financing statement required to be filed under this Article (see Section 9-402) may disclose only that a secured party may have a security interest in specified types of collateral owned by the debtor. Unless a copy of the security agreement itself is filed as the financing statement third parties are told neither the amount of the obligation secured nor which particular assets are covered. Since subsequent creditors and purchasers may legitimately need more detailed information, it is necessary to provide a procedure under which the secured party will be required to make disclosure." (Emphasis supplied)
Thus, a security agreement should describe the collateral with details sufficient for third parties to be able to reasonably identify the particular assets covered.
The security agreement under consideration describes the collateral as: "Food service equipment and supplies delivered to San Marco Inn at St. Marks, Florida." Many courts have held that a description of collateral is sufficient when the agreement covers all of a certain type or types of assets. See, Barnett Bank of Pensacola v. Fletcher, 290 So.2d 533 (Fla. 1st DCA 1974) (all accounts); U.S. v. First National Bank in Ogallala, Nebraska, 470 F.2d 944 (8th Cir.1973) (all farm and other equipment); In Re Little Brick Shirthouse, 347 F. Supp. 827 (N.D.Ill. 1972) (all inventory); National Cash Register Co. v. Firestone & Co., 346 Mass. 255, 191 N.E.2d 471 (1963) (all contents *491 of luncheonette); James Talcott, Inc v. Franklin National Bank of Minneapolis, 292 Minn. 277, 194 N.W.2d 775 (1972) (all goods). However, the agreement before us does not cover all of the food service equipment and supplies located at San Marco Inn or owned by the debtor. The agreement attempts to cover some food service equipment and supplies, but the description does not do its assigned job of making possible the identification of the equipment and supplies in which American claims a security interest.
We agree with the trial court that "... the description of the property pledged as security in the security instrument was not legally sufficient" to enable the security interest to be enforced. Therefore, the judgment of the trial court is
AFFIRMED.
McCORD, C.J., and ERVIN, J., concur.

ON MOTION FOR REHEARING
PER CURIAM.
Appellant's Motion for Rehearing suggests that we overlooked testimony that an inventory labeled Schedule "A" was at one time attached to the security agreement. Although this was not mentioned in our opinion, it was not overlooked. An examination of the security agreement reveals that it does not in any way refer to or make an inventory or schedule a part of the agreement. The trial court was correct in ruling that the description of the property pledged as security in the security instrument was not legally sufficient. Rehearing denied.
McCORD, C.J., and MILLS and ERVIN, JJ., concur.