In re Michael John McKEON d/b/a the Cedarworks and as Mike McKeon Cabinet Maker, Bankrupt.

J. Michael DAVIS, Trustee, Plaintiff,

v.

Thomas M. KISKO, Defendant.

Bankruptcy No. 79–0033–A.

United States Bankruptcy Court,
N. D. Florida,
Gainesville Division.

Aug. 19, 1980.

J. Michael Davis, Gainesville, Fla., for plaintiff.

Thomas M. Kisko, pro se.

## OPINION

N. SANDERS SAULS, Bankruptcy Judge.

Upon hearing the evidence adduced, and the argument and memoranda of the parties, the court finds and concludes as follows:

Section 679.402, *Florida Statutes*, requires that a financing statement contain "a statement indicating the types, or describing the items, of collateral." The description of the property is considered sufficient, whether or not it is specific, if it reasonably identifies what is described according to *Florida Statutes* § 679.110. However, what constitutes reasonable identification has been the subject of much disagreement in the courts.

The weight of authority does indicate that a financing statement must describe the collateral with some degree of precision. There is considerable disagreement in the courts as to the sufficiency of the broad categories of personal property used in Article 9 of the U.C.C., such as "consumer goods", "equipment", "inventory", and "farm products." *In re Turnage*, 493 F.2d 505 (5th Cir. 1974); *In re Lehner*, 303 F.Supp. 317 (D.Colo.1969) aff'd 427 F.2d 357 (10th Cir. 1970). A financing statement like the defendant's, describing the collateral as "all current and future assets" is much less specific than the categories of personal property contained in Article 9. The courts uniformly hold this type of broad identification a violation of the statutory requirement of identification by types. *In re Bennett*, 588 F.2d 389 (3rd Cir. 1978).

The defendant also filed a copy of the security agreement attached to the financing statement. Section 679.402, *Florida Statutes*, clearly allows the security agreement to be used as a financing statement if it contains the required information. However, plaintiff contends that the security agreement must be filed in lieu of filing a financing statement, thus giving no effect

whatsoever to the security agreement in this situation. Plaintiff cites *Travelers Indemnity Co. v. First National Bank of Jackson*, 25 UCCRS 1455 (1979), which held that a deficiency in the signatures on *both* the security agreement and financing statement could not be cured by stapling them together and filing them as one instrument, for this proposition. The *Travelers* rationale is clearly not controlling in the present situation. Defendant's security agreement is a complete and valid instrument in its own right, without reference to the financing statement or any other extraneous matter.

■ Section 679.407(2), *Florida Statutes*, stipulates that "upon request of any person, the filing officer shall provide a certified copy of any filed instrument under this chapter." Thus, anyone requesting information on the bankrupt would receive not only a copy of the financing statement but also a copy of the security agreement. Comment 2 to § 9–402, Uniform Commercial Code, adopts a system of notice filing that merely requires the description of the collateral to be sufficient to reasonably inform third parties that the item in possession of the debtor may be subject to a prior security interest. This was a rejection of the philosophy of the chattel mortgage and conditional sales acts which, under prior law, had required compliance with all of the statutory niceties. This suggests that a filing of both the security agreement and financing statement satisfy the statutory requirements provided the filing is sufficient to notify third parties of the potential security interest. Plaintiff offers no countervailing policy considerations that would justify limiting the liberal system of notice filing contained in the Code. Therefore, the security agreement must be considered a valid substitute for the financing statement and examined for its compliance with the sufficiency of description requirement of *Florida Statutes* § 679.402.

■ Plaintiff concedes there is a valid, perfected security interest in items 2 through 6 enumerated in the security agreement, but denies the existence of a security interest in items 1 or 7 or in "any other current or future assets." As discussed earlier, the broad claim to all the assets of the debtor violates the requirement of sufficiency of description in *Florida Statutes* § 679.402. Although the clarity of the description required in Florida is not clear, there can be little doubt that this provision is inadequate, in and of itself, to convey the required notice. In *National Ropes, Inc. v. National Diving Service, Inc.*, 513 F.2d 53 (1975), a description of the loan collateral in the security agreement was held to be ambiguous as referring to "all property of the undersigned of every name and nature whatsoever." This was construed most strongly against the party which drafted it, and thus did not create a security interest in each and every present and future asset of the debtor.

Plaintiff also alleges that the description "miscellaneous hand and power tools" is inadequate to identify the collateral. In support of this proposition plaintiff cites *American Restaurant Supply Co. v. Willson*, 371 So.2d 489 (Fla. 1st DCA 1979), which held that a security agreement could not be enforced where it described collateral as "food service equipment and supplies delivered to (a particular place)." This decision was based on the fact that since the agreement did not cover all the food service equipment and supplies owned by the debtor, proper notice of which items were encumbered was not given.

■ The security agreement under consideration in this case does not suffer from the same infirmity. Reading the security agreement in its entirety shows the plaintiff and the bankrupt intended all of the tools to be subject to the security interest, not some partial amount. The language referring to all assets of the debtor, although ineffective in and of itself, does serve to modify the "miscellaneous hand and power tools" terminology. The total effect of the security agreement is to clearly notify third parties that the defendant is claiming a security interest in all tools of the bankrupt. Under Florida law this reference to all tools is a sufficient description

of the collateral. In *Barnett Bank of Pensacola v. Fletcher*, 290 So.2d 533 (Fla. 1st DCA 1974), the term "all accounts" was held to be a valid description of the collateral since the agreement covers all of a certain type of asset.

Filing with respect to the 1972 Dodge ¾ ton pickup did not create a security interest in that item. A security interest in a motor vehicle may be perfected only in accordance with the certificate of title law which provides for notation of such a lien only upon the certificate of title. *Florida Statutes* § 319.27. The filing with respect to motor vehicles other than inventory held for sale is therefore meaningless.

Order shall be prepared and entered in accordance herewith.