COBB, Judge,
dissenting.
The plaintiff, Jim D. Baker, sued the DeLand State Bank for conversion of a Chevrolet automobile which he had financed via security agreement in 1977. This loan was Instalment Loan No. 30-412274. Ultimately, that loan was fully paid by Baker and the security agreement stamped by the bank as “Paid.” Prior to that pay-off, however, Baker bought a Dat-sun truck from the bank in April, 1979, and the parties entered a second security agreement at that time.
The security agreement for the financing of the Datsun contained the following provision:
The Borrower having pledged, assigned, conveyed, deposited, or granted a security interest under the Uniform Commercial Code (Florida) to the Bank as collateral security for the payment of this note and any note given in extension or renewal hereof, and as security for the payment of any and all liability of the Borrower to the Bank, whether now existing or here *25 after arising, in the following property, viz:
1978 Datsun Truck Ser. # KHL620290488 and Cross-Pledged to Instalment Loan # 30-412274.
This language is clear and unambiguous. See American Restaurant Supply Co. v. Wilson, 371 So.2d 489 (Fla. 1st DCA 1979). It cross-pledges the Datsun truck as security for the 1977 loan. It does not pledge, and cannot reasonably be construed to pledge, the Chevrolet automobile as collateral for the 1979 loan. It was not modified by any subsequent agreement for any additional consideration.
Nevertheless, when the Datsun loan went into default, after that vehicle developed mechanical problems, the bank seized the Chevrolet and converted it to satisfy the 1979 loan. Plaintiff moved for summary judgment and, on what appears to me to be an unequivocally clear question of law, was entitled to it. The trial court erroneously denied it, and ultimately entered judgment for the bank. I would reverse, vacate the judgment, and remand for entry of summary judgment for the plaintiff on the issue of conversion- and trial on the damages.