**In re Joseph J. MANSOUR d/b/a Mansour Dry Cleaners & Laundry, Debtor.**

**Bankruptcy No. 82–00765–BKC–TCB.**

United States Bankruptcy Court,
S.D. Florida.

March 22, 1983.

Reggie D. Sanger, Fort Lauderdale, Fla., for debtor.

Douglass Wendel, trustee.

Daniel Bakst, West Palm Beach, Fla., for trustee.

Linda Albritton, Jupiter, Fla., for Ashley Oakes, Inc.

### ORDER ON MOTIONS (ASHLEY OAKES, INC.)

THOMAS C. BRITTON, Bankruptcy Judge.

This chapter 11 laundry and dry cleaning business was converted to chapter 7 on February 2. The trustee has kept the business going and will schedule its sale without delay.

A major creditor, Ashley Oakes, Inc., is owed $41,250 and has an admittedly perfected security interest for $20,000 on furniture and fixtures and on the debtor's leasehold interest. The creditor also claims a perfected security interest on the debtor's

remaining personal property, including its good will and other intangibles. The trustee seeks a determination of the extent and amount of this creditor's lien (C.P. No. 51). The motion was heard on March 15.

The creditor has not objected to the manner in which the trustee presents the foregoing issue. See B.R. 701.

The facts are not disputed and the question presented is whether the following UCC–1 filing embraces the other personal property, including the intangibles in question:

"All equipment, furniture, fixtures, furnishings and supplies *and all other personal property owned by the debtor,* whether now owned or hereafter acquired and wheresoever located." (Emphasis supplied).

I hold that it does not.

The UCC requires the filing of a financing statement which:

"... contains a statement *indicating the types,* or describing the items, of collateral." § 679.402(1), Florida Statutes.

It further provides that:

"For the purposes of this chapter any description of personal property or real estate is sufficient whether or not it is specific if it reasonably identifies what is described..." § 679.110, Florida Statutes.

The UCC–1 did not comply with § 679.-402(1). *National Ropes, Inc. v. National Diving Service, Inc.,* 5 Cir.1975, 513 F.2d 53, 58 ("all property of the undersigned of every name and nature whatsoever"); *In re McKeon,* Bkrtcy.N.D.Fla.1980, 7 B.R. 10, 12 ("any other current or future assets").

The creditor takes comfort from the provisions of § 679.110, which define the degree to which a *description* must be specific. In this instance, there was no description attempted. Instead, there was an attempt to indicate the *types* of collateral. The types indicated, however, did not include any category which would embrace any intangibles, unless "all other personal property" is a sufficient indication of *types.* Under the authority cited above, it is not, at least in Florida.

The creditor's security interest may be fully satisfied by the payment of $20,000 from the proceeds of the sale. The sale will not be confirmed unless it produces at least that sum. I direct that the sale be noticed and conducted as rapidly as at least ten days notice can be given all creditors for a sale to be held in West Palm Beach.

The creditor's motion to prohibit sale (C.P. No. 49) is denied. The foregoing provisions provide adequate protection.

The creditor's motion to require the trustee to abandon the property (C.P. No. 37) is also denied. It may be renewed if the sale fails to provide at least $20,000.

The creditor's motion to require the trustee to obtain proper authorization to operate the business (C.P. No. 38) has been followed by the requisite application under § 721 (C.P. No. 40) which is approved.