Chad Pugatch, Fort Lauderdale, Fla. for creditor, A.M. June, Inc.

Andrew Nierenberg, Miami, Fla. for debtor-in-possession.

**In re S & J HOLDING CORPORATION, Shazamm Enterprises Ltd., Inc., Debtors.**

**Bankruptcy Nos. 84–00288–BKC–JAG, 84–00289–BKC–JAG.**

United States Bankruptcy Court, S.D. Florida.

Aug. 31, 1984.

## ORDER DENYING MOTION FOR RELIEF FROM STAY

JOSEPH A. GASSEN, Bankruptcy Judge.

THIS MATTER came before the Court on April 24, 1984, upon the Motion of A.M. June, Inc., for relief from stay or for adequate protection. (CP # 3a)

The debtor's business is primarily in operating video games. The issue in this case comes down to whether or not the creditor has a valid, perfected security interest in the cash revenues generated by the video game machines and vending machines.

The debtor executed a security agreement covering "[a]ll of the assets of Sha-

zamm Enterprises, Inc., including without limitation all ... equipment, ... inventory, ... accounts receivable, contract rights, intangibles, video games, cigarette machines, coin changes, (sic) and any and all other personal property or assets owned and used by the debtor in its business wherever located as well as any and all personal property hereinafter acquired." The same items were listed on the financing statement which was filed with the Secretary of State, and the debtor also checked the box which provides "Products of collateral are covered."

■ First, the court concludes that the cash obtained through the machines is not proceeds of other collateral which might have automatic perfection under Florida Statute § 679.306. Proceeds which are protected under § 679.306 are defined in Section (1): " 'Proceeds' includes whatever is received upon the sale, exchange, collection, or other disposition of collateral or proceeds." The video game equipment is collateral under the security agreement in question. But the cash which is generated through that equipment is not received from the sale of the collateral, but rather, through the use of it. It is more analogous to income generated through the use of, for example, construction equipment, which is given as collateral. The fact that the money was earned through the use of the collateral does not make it "proceeds" subject to the protection of § 679.306.

The fact that the financing statement stated that "products" of collateral are also covered is of no significance at all. Only the property specifically defined in § 679.306 is given any unique protection, and the money here does not fit within the definition.

Although the money in question is not "proceeds," it might have been included as collateral standing on its own. However, the only item which might apply to it is "intangibles". The court concludes that this is an insufficient description to cover the revenue from the machines.

■ For a security agreement to *attach* there must be "a security agreement which contains a description of the collateral", Florida Statute § 679.203(1)(a). And "any description of personal property ... is sufficient whether or not it is specific if it reasonably identifies what is described ..." The cases interpreting the "reasonably identified" provision have been fairly strict. Language such as "all property of the undersigned of every name and nature whatsoever" and "all other personal property" is clearly too broad. *National Ropes, Inc. v. National Diving Service, Inc.* 513 F.2d 53 (5th Cir.1975); *In re Mansour,* 29 B.R. 114 (U.S.Bkcy.Ct.S.D. Fla.1983). Greater particularity in the description of the collateral is required in the security agreement than in the financing statement, and the description should have sufficient detail that third parties could reasonably identify the particular assets covered.

■ Applying these standards, the court concludes that "intangibles" is not specific enough to reasonably identify the cash revenues from the video and vending machines. But it may also be inaccurate, as discussed below with regard to the perfection issue.

Assuming that the security agreement was sufficient to constitute an agreement between the parties that the security interest would attach to the cash revenues, the court concludes that the secured creditor was not perfected. Florida Statute § 679.304(1) provides that a security interest in money can be perfected only by the secured party's taking possession except as provided in other sections which are not applicable here. See also Coogan, Kripke and Weiss, "Money and Deposit Accounts as Primary Collateral" in *The Outer Fringes of Article 9: Subordination Agreements, Security Interests in Money and Deposits, Negative Pledge Clauses, and Participation Agreements,* 1C Bender's UCC Serv. § 23.09 (P. Coogan and J. McDonnell ed. 1984).

Because A.M. June, Inc. does not have a perfected security interest in the cash reve-

nues from the video and vending machines in the debtor's business it lost priority to the debtor-in-possession. Therefore it is

ORDERED and ADJUDGED that the motion of A.M. June, Inc. for relief from stay or for adequate protection is denied.