**In re Kiumars E. and Jane S. SHAMS, Debtor(s).**

**Douglass E. WENDEL, Trustee, Plaintiff,**

v.

**FLORIDA NATIONAL BANK f/k/a Lighthouse National Bank, Defendant.**

**Bankruptcy No. 84–02256–BKC–TCB. Adv. No. 85–0891–BKC–TCB–A.**

United States Bankruptcy Court, S.D. Florida.

Sept. 18, 1985.

Leslie Gern Cloyd, Ackerman, Bakst, Gundlach, Lauer and Zwickel, P.A., W. Palm Beach, Fla., for plaintiff.

Michael N. Jonas, Cohen, Scherer and Cohn, P.A., N. Palm Beach, Fla., for defendant.

### MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

The plaintiff trustee seeks a determination of the validity, priority and amount of the defendant bank's lien. The facts are not in dispute. The question presented at the trial held on July 16 is whether the description of collateral in the recorded UCC Financing Statement is adequate.

■ The collateral is the debtor's interest in a land trust agreement. It is undisputed that this interest is personal property and, therefore, subject to the requirements of Article 9 of the Uniform Commercial Code, *Fla.Stat.* Ch. 679.

The UCC requires the filing of a financing statement which:

"... contains a statement indicating the types, or describing the items, of collateral.

.      .      .      .      .

A financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading." *Fla.Stat.* § 679.402(1) and (7). It further provides that:

"For the purposes of this chapter any description of personal property or real estate is sufficient whether or not it is specific if it reasonably identifies what is described." *Fla.Stat.* § 679.110.

The description contained in the financing statement filed by the bank is:

"all of Debtor's right, title and beneficial interest in that certain real property described on Schedule 'A' attached hereto."

 This description fails to specifically identify the debtor's interest in a land trust agreement and merely refers to an interest in real property. The trustee relies on this fact to argue that the defendant does not have a perfected security interest. I agree.

The description of the collateral is inaccurate and seriously misleading. The law in Florida is that:

"In this type of land trust, both the legal and *equitable* title are vested in the trustee [of the land trust]. The beneficiary has no interest in either. The rights, privileges and obligations of the beneficiaries are *not interests in real estate* ..." (Emphasis supplied). *Goldman v. Mandell*, 403 So.2d 511, 512 (Fla.App. 1981).

The bank's argument that the financing statement must merely put a third party on notice fails to overcome the fact that its description is inadequate and misleading.

Numerous cases have provided that:

"it is only when the financing statement contains a sufficient description of a type or item of collateral that the duty to pursue further inquiry arises." *See I.A. Durbin, Inc. v. Jefferson National*

*Bank (In re I.A. Durbin, Inc.)*, 46 B.R. 595, 601 (Bankr.S.D.Fla.1985) and cases cited therein.

 Therefore, the bank's security interest is unperfected. The trustee has the rights of a lien creditor under 11 U.S.C. § 544(a). The unperfected interest of the bank is subordinate to the rights of the trustee. *Fla.Stat.* § 679.301(1)(b).

As is required by B.R. 9021(a), a separate judgment will be entered so providing and directing the trustee to sell the debtor's interest in the land trust agreement free and clear of the bank's lien. Costs may be taxed on motion.

The bank may file a proof of claim as a general unsecured creditor or amend a previously filed claim to conform with the findings in this decision.