### In re David Scott ZILUCK and Brenda Lori Ziluck, Debtors.

### Bankruptcy No. 90–29740–BKC–AJC.

United States Bankruptcy Court,
S.D. Florida.

May 10, 1991.

---

Magda Abdo–Gomez, Miami, Fla., for debtors.

Leonard K. Samuels, Fort Lauderdale, Fla., for Tandy Credit Corp.

## MEMORANDUM DECISION ON TANDY CREDIT CORPORATION'S APPLICATION FOR ORDER DIRECTING TRUSTEE OR DEBTOR TO DELIVER POSSESSION OF CONSUMER GOODS

A. JAY CRISTOL, Bankruptcy Judge.

THIS CAUSE came on before the Court on April 29, 1991 upon Tandy Credit Corporation's (hereinafter referred to as Tandy) Application for Order Directing Trustee or Debtor to Deliver Possession of Consumer Goods (hereinafter referred to as the Application). The Court having reviewed the Application and Exhibits attached thereto, considered the arguments of counsel, and being otherwise fully advised in the premises finds as follows:

The debtors filed for relief under Chapter 7 of the Bankruptcy Code on December 26, 1990 and listed their debt to Tandy in the amount of $3,204.70. Tandy claims a security interest in the consumer goods whose purchase gave rise to the debt and thereby seeks to recover possession of said goods.

Florida Statute § 679.303(1) provides that a security interest is perfected when it attaches and when all steps necessary for perfection have been taken. In the case of a purchase money security interest in consumer goods the filing of a financing statement is not required for perfection. *Fla. Stat.* § 679.302(1)(a).

There is no dispute that the goods whose possession is being sought by Tandy are consumer goods and that the security interest is a purchase money security interest. *See Fla.Stat.* § 679.107(1) and § 679.109(1). The issue is whether the security interest has attached and thereby become perfected under Florida Statute § 679.303(1).

Florida Statute § 679.203(1)(a) provides in part that a security interest is not enforceable against the debtor or third parties with respect to the collateral and does not attach unless the debtor has signed a security agreement which contains a description of the collateral. In order for a description of collateral in a security agreement to be sufficient it must "make possible the identification of the items in which a security interest is claimed". *American Restaurant Supply Company v. Wilson,* 371 So.2d 489, 490 (1st DCA 1979). *See also In re S & J Holding Corp., Shazamm Enterprises Ltd.,* 42 B.R. 249 (S.D.Fla. 1984). The description of the collateral in a security agreement must be more specific than that required in a financing statement. The "security agreement should describe the collateral with details sufficient for third parties to be able to reasonably identify the particular assets covered". *American Restaurant, supra,* at page 490.

"The cases interpreting the 'reasonably identified' provision have been fairly strict. Language such as 'all property of the undersigned of every name and nature whatsoever' and 'all other personal property' is clearly too broad." *In re S & J Holding, supra,* at page 250. The security agreement in this case, attached as Exhibit A to Tandy's Application, provides in paragraph 12 that a security interest is retained "in all merchandise charged to your Account". This description does not reasonably identify the goods on which the securi-

ty interest is claimed. The description does not provide any details which would enable a third party to identify the assets which are covered by the security agreement.

The only conclusion possible is that the security agreement fails to comply with Florida Statute § 679.203(1)(a) since it does not contain a description of the collateral, as that requirement has been interpreted by the courts. Hence, the security interest does not attach to the consumer goods and is unperfected under Florida Statute § 679.303(1). An unperfected security interest is subordinate to the rights of one becoming a lien creditor prior to perfection. *Fla.Stat.* § 679.301(1)(b). The bankruptcy trustee is a lien creditor from the date of the filing of the bankruptcy petition. *Fla. Stat.* § 679.301(3). Therefore, the trustee has priority over Tandy with respect to the consumer goods.

Additionally, the court should take notice that the security agreement fails to meet the requirement of the provision of Florida Statute § 679.203(1)(a) which requires that the security agreement be signed. The security agreement attached to Tandy's Application as Exhibit A does not contain the debtors' signature. This court in *Roemelmeyer v. Sears, Roebuck & Company*, 24 B.R. 1 (S.D.Fla.1982) specifically held that the requirements of Florida Statute § 679.203(1)(a) had not been satisfied where the security agreement itself had not been signed by the debtor. The fact that a credit application had been signed was not sufficient to satisfy the statute's requirements.

The Motion of Tandy Credit Corporation is DENIED.