ALTENBERND, Judge.
Chase Bank of Florida, N.A., appeals a summary judgment which determines that a security interest obtained by Patricia A. Muscarella and Frank J. Muscarella, Jr., from the Soltesz/Brant Development Company has priority over a security interest which Chase Bank had previously obtained from the same debtor. Both the bank and the Musearellas claim a security interest in the debtor’s rights as a general partner in Boot Ranch Partners, Ltd., a Florida limited partnership. The issue of priority depends upon the adequacy of the description of collateral in the financing statement that Chase Bank filed prior to the execution of the Musearellas’ security agreement. The trial court held that the description was inadequate to fulfill the requirements of section 679.402(1), Florida Statutes (1985). We reverse because the description, although less than precise, reasonably identified the collateral and sufficiently placed subsequent creditors on notice to inquire about the Chase Bank transaction before obtaining an assignment of the debtor’s rights in the limited partnership.
Boot Ranch Partners, Ltd., is involved in the suburban development of real property. For many years, the property was a ranch that displayed an enormous concrete boot as a Pinellas County landmark. In January 1987, Soltesz/Brant Development Company, as a general partner of Boot Ranch Partners, obtained a renewal promissory note from Chase Bank for $3,350,000. As part of the transaction, the debtor executed a lengthy “Assignment of Partnership Interest and Security Agreement,” which assigned a partial interest in proceeds from Boot Ranch Partners. A partner’s interest in such a limited partnership is personal property. § 620.149, Fla.Stat. (Supp.1986). This type of assignment is specifically described and authorized by statute. § 620.152, Fla.Stat. (Supp.1986).
To perfect this security interest in personal property, Chase Bank filed a financing statement with the secretary of state in February 1987. There is no dispute that the financing statement gives the debtor’s name and gives “an address of the secured party from which information concerning the security interest may be obtained.” § 679.402(1), Fla.Stat. (1985). The statement indicating the types of collateral provides:
The property covered hereby is set forth in Exhibit “A” attached hereto and made a part hereof. The real property affected hereby is described in Exhibit “B” attached hereto and made apart hereof; said real property is owned by Boot Ranch Partners, Ltd., a Florida limited partnership of which the Debtor is the sole general partner.
Exhibit “A” is attached to the recorded financing statement and states:
All of the Debtor’s right, title and interest, in the “Collateral” as more particularly defined and described in that certain Assignment of Partnership Interest and Security Agreement dated January 20, 1987, up to an amount not to exceed $600,000.
Exhibit “B” contains a lengthy legal description of the real property owned by Boot Ranch Partners.
In April 1987, the Musearellas, who are daughter and father and real estate attorneys, also had a business relationship with Soltesz/Brant. In consideration for their efforts in acquiring a loan for Sol-tesz/Brant, the Musearellas received an assignment of the debtor’s interest in Boot *1198 Ranch Partners. The Musearellas did not file a financing statement until June 1989. Since Chase Bank’s filing was earlier, Chase Bank has priority unless its financing statement is defective.
The Musearellas did not examine the records on file with the secretary of state before they accepted their assignment in the limited partnership. Thus, they cannot demonstrate that they were misled by Chase Bank’s description. They correctly argue, however, that the sufficiency of Chase Bank’s financing statement is a legal question which should be resolved by an examination of the financing statement in the context of a hypothetical, commercially reasonable creditor and not in the light of their own inaction. In re LA. Durbin, Inc., 46 B.R. 595 (Bankr.S.D.Fla.1985).
It is well-established in Florida that the “purpose of the financing statement is merely to provide notice of a possible security interest in the collateral in question.” American Restaurant Supply Co. v. Wilson, 371 So.2d 489, 490 (Fla. 1st DCA 1979). Although both a security agreement and a financing statement are subject to the reasonable identification requirements of section 679.110, Florida Statutes (1985), the purposes of a financing statement allow a more abbreviated description of the collateral in a financing statement than in a security agreement. American Restaurant. As the 1972 official comment to section 9-402 of the Uniform Commercial Code states:
2. This section adopts the system of “notice filing” which proved successful under the Uniform Trust Receipts Act. What is required to be filed is not, as under chattel mortgage and conditional sales acts, the security agreement itself, but only a simple notice which may be filed before the security interest attaches or thereafter. The notice itself indicates merely that the secured party who has filed may have a security interest in the collateral described. Further inquiry from the parties concerned will be necessary to disclose the complete state of affairs.
19C Fla.Stat.Ann. 337 (1990) (emphasis added).
The Musearellas argue that Chase Bank’s description is legally insufficient because it uses the word “collateral” without indicating the type of collateral or describing specific items of collateral. They suggest that a subsequent creditor might reasonably believe the security was an interest in oil or gas or in chattels on the property. We disagree.
By describing the collateral as “more particularly defined and described” in an assignment of partnership interest, Chase Bank adequately placed subsequent creditors on notice that the collateral may include an assignment of the debtor’s share in the profits and distributions of the limited partnership pursuant to section 620.152, Florida Statutes (Supp.1986). We believe that a potential creditor who reviewed this document would surely know that “further inquiry from the parties concerned [was] necessary to disclose the complete state of affairs” before it could reasonably expect to have priority on a subsequent security interest in which an assignment of partnership interest was the collateral. See In re APF Indus., Inc., 112 B.R. 446 (Bankr.M.D.Fla.1990).
Several cases involving insufficient descriptions are distinguishable. In re Shams, 54 B.R. 61 (Bankr.S.D.Fla.1985), involved a similar interest in a land trust agreement. In that case, however, the financing statement described the debtor’s interest in real property but failed to disclose the existence of the land trust agreement. In contrast, by identifying both the existence of the limited partnership and the precise agreement assigning partnership rights, Chase Bank provided substantially more information. See also In re Mansour, 29 B.R. 114 (Bankr.S.D.Fla.1983) (“all other personal property owned by the debt- or” does not adequately identify good will and other intangibles as collateral).
In re LA. Durbin involved a financing statement which described “all property rights ... encumbered by the abovemen-tioned mortgage.” In re LA. Durbin, 46 B.R. at 598. In that case, some of the *1199 collateral at issue was not subject to the mortgage. The Muscarellas suggest that In re I.A. Durbin requires a financing statement to contain either a statutory “type” of property, i.e. “general intangible,” in the description or a more specific description of the “items” used as collateral. See § 679.106, Fla.Stat. (1985). In light of the purpose of a financing statement, we are not convinced that section 679.402(1), Florida Statutes (1985), necessitates the use of a statutorily defined variety of property in order to adequately describe a “type” of property. The financing statement provided by Chase Bank would not be more enlightening if it substituted the phase, “general intangible,” for “collateral.”
Reversed and remanded.
FRANK, A.C.J., and THREADGILL, J., concur.