In re James V. POVIA, Jr., Debtor.

Diane L. JENSEN, Trustee, Plaintiff,

v.

James V. POVIA, Jr. and George Sanders, Defendants.

Bankruptcy No. 97–20792–9P7.
Adversary No. 98–214.

United States Bankruptcy Court,
M.D. Florida,
Ft. Myers Division.

July 8, 1998.

Diane L. Jensen, Ft. Myers, FL, trustee.

Richard Johnston, Jr., Ft. Myers, FL, for James V. Povia, Jr.

D. Hugh Kinsey, Jr., Ft. Myers, FL, for George Sanders.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

This is a Chapter 7 liquidation case and the matter under consideration is a Motion for Summary Judgment filed by Diane L. Jensen ("Trustee"). This adversary proceeding was commenced by the Trustee naming James V. Povia, Jr. ("Debtor") and George Sanders ("Sanders") as Defendants. In Count I of the Complaint, it is the Trustee's contention that the interest of the Debtor in the South Tamiami Trust ("Land Trust") is property of the bankruptcy estate and subject to administration. The Debtor contends that his interest in the Land Trust is not property of the estate pursuant to 11 U.S.C. § 541(c)(2). In Count II, the Trustee contends that, pursuant to the "strong-arm" provision of 11 U.S.C. § 544(a), her interest in the Land Trust is superior to that of Sanders, to whom the Debtor granted a security interest in the Debtor's interest in the Land Trust. The Trustee asserts that the relevant facts are undisputed and as such she is entitled to a judgment as a matter of law. The following facts as appear from the relevant part of the record are undisputed and they can be summarized as follows:

The Land Trust was established by the Debtor and four co-venturers on August 30, 1990. The Debtor is one of five original beneficiaries of the Land Trust and is also a Trustee. The corpus of the Land Trust is a parcel of undeveloped land located in Lee County, Florida. The Land Trust Agreement states that the Land Trust was established pursuant to § 689.071 Fla. Stat. The Agreement further states, "[t]he interest of the Beneficiaries shall be deemed to be personal property." The Land Trust Agreement also contains a provision that requires any holder of a beneficial interest in the Land Trust who desires to sell his interest, first offer to sell his interest to the remaining beneficiaries.

The Debtor was the record owner of a twenty-five percent interest in the Land Trust when the Land Trust was established. He has since transferred one-half of his interest and presently owns a twelve and one-half percent interest. The Debtor used this interest as collateral to secure the repayment of a loan obtained by the Debtor, as evidenced by a promissory note that he executed in favor of the lender, Sanders, the other Defendant named in this Adversary Proceeding. The Debtor assigned his interest in the

Land Trust to Sanders on August 20, 1997, effective as of August 29, 1995. It is certain and undisputed that Sanders never filed a UCC–1 financing statement regarding the assignment with the Florida Department of State. The Debtor filed a Petition for relief under Chapter 7 of the Bankruptcy Code on December 17, 1997.

The Debtor contends that his beneficial interest in the Land Trust is not property of the estate pursuant to 11 U.S.C. § 541(c)(2) which excepts from property of the bankruptcy estate any beneficial interest of a debtor in a trust that contains a restriction on the transfer of that interest that is enforceable under nonbankruptcy law. Prior to the United States Supreme Court decision in *Patterson v. Shumate,* 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992), courts addressing the issue uniformly took the position that only real, true spendthrift trusts would fall within the exception of 11 U.S.C. § 541(c)(2). The Supreme Court expanded the types of interests that fell within the exception when it held that the anti-alienation provision required in an ERISA-qualified retirement plan permitted the plan to be excepted pursuant to 11 U.S.C. § 541(c)(2). *See id.* The Debtor does not contend that the Land Trust is an ERISA-qualified trust, but rather that the Land Trust is a spendthrift trust because of its anti-alienation provision, and hence, his interest is excepted from property of the estate.

The applicable nonbankruptcy law for the characterization of the trust in this instance is the law of the State of Florida. *See In re Davis,* 110 B.R. 573, 575 (Bankr. M.D.Fla.1989). Under Florida law, a spendthrift trust is a trust that is "created with a view of providing a fund for the maintenance of another, and at the same time securing it against his own improvidence or incapacity for self-protection." *Croom v. Ocala Plumbing & Electric Co.,* 62 Fla. 460, 57 So. 243, 244 (1911). In order for the spendthrift trust provision to be enforceable, the settlor of the trust must clearly manifest, in the trust instrument itself, his intention to restrain the trust beneficiary from alienating his interest in the trust. *See In re Lee,* 119 B.R. 833, 835

(Bankr.M.D.Fla.1990)(citing D. Lowell, Florida Law of Trusts; § 15–5 (3d ed.1984)).

In the instant case, it is quite clear that the Land Trust is not a spendthrift trust. Although it is true the Land Trust contains something resembling an anti-alienation provision, it is clear that the purported anti-alienation provision is little more than a right of first refusal. The only restraint on a beneficiary's ability to alienate his beneficial interest in the Land Trust is the requirement that he first offer to sell his interest to the remaining beneficiaries. As such, the Debtor's beneficial interest in the Land Trust is not an interest in a spendthrift trust. Hence, the Debtor's interest is not excepted from property of the estate pursuant to 11 U.S.C. § 541(c)(2).

Having found that the Debtor's interest in the Land Trust is property of the estate, the determinative issue is whether the Debtor's assignment of his interest to Sanders creates an interest superior to that of the Trustee.

The Trustee contends that her interest in the Land Trust is superior to that of Sanders pursuant to 11 U.S.C. § 544(a)—the strong-arm clause of the Bankruptcy Code. Section 544(a)(1) gives a trustee the rights of a hypothetical lien creditor as of the commencement of the case. An unperfected security interest is subordinate to the rights of a lien creditor pursuant to § 679.301(1)(b) Fla. Stat.

Section 689.071(4) Fla. Stat. provides that where a land trust "contains a provision defining and declaring the interests of beneficiaries thereunder to be personal property only, such provision shall be controlling for all purposes when such a determination becomes an issue under the laws ... of this state." The rights, privileges and obligations of the beneficiaries of a land trust are expressly characterized as personal property. *See Goldman v. Mandell,* 403 So.2d 511, 512 (Fla. 5th DCA 1981). The Land Trust provides that the beneficiaries' interest "shall be deemed to be personal property."

A beneficial interest assigned for collateral purposes is a general intangible for purposes of Article 9 of the UCC. § 679.106 Fla. Stat., *see also In re Cowsert,* 14 B.R. 335, 338 (Bankr.S.D.Fla.1981). Subject to

the exceptions stated in § 679.302 Fla. Stat., a financing statement must be filed with the Department of State in order to perfect a security interest in general intangibles. § 679.401 Fla. Stat. Although a security interest created by an assignment of a beneficial interest in a decedent's estate is excepted from the filing requirement, the same does not hold true for a security interest created by an assignment of a beneficial interest in a land trust. § 679.302 Fla. Stat., *See also Cowsert* at 339 (explaining that Florida did not adopt UCC provision that exempted security interests in beneficial interests in trusts from filing requirement).

■ Sanders never filed a financing statement with the Department of State. Hence, as of the date of the commencement of the case, December 17, 1997, Sanders had an unperfected security interest and the Trustee had the rights of a judicial lien creditor. Sanders' unperfected interest is subordinate to the rights of the trustee. *See* § 679.301(1)(b) Fla. Stat., *see also In re Shams*, 54 B.R. 61, 62 (Bankr.S.D.Fla.1985).

In light of the foregoing and there being no genuine issues of material fact, this Court is satisfied that the Trustee is entitled to judgment as a matter of law. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Motion for Summary Judgment be, and the same is hereby, granted.

A separate final judgment in accordance with the foregoing shall be entered by this Court.