In re MANAGEMENT BY INNOVATION, INC., Debtor.

SouthTrust Bank, Management by Innovation, Inc., Plaintiffs,

v.

Orix Financial Services, Inc., Defendant.

Bankruptcy No. 6:04–BK–4986 KSJ. Adversary No. 6:04–ap–201.

United States Bankruptcy Court, M.D. Florida, Orlando Division.

Jan. 12, 2005.

Peter N. Hill, Wolff Hill McFarlin and Herron PA, Orlando, FL, for Debtor.

Miriam G. Suarez, Orlando, FL, for trustee.

*MEMORANDUM OPINION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT*

KAREN S. JENNEMANN, Bankruptcy Judge.

This adversary proceeding came on for hearing on December 1, 2004, to consider the Motion for Summary Judgment (Doc. No. 4) filed by the plaintiff, SouthTrust Bank ("SouthTrust"), and the Cross Motion for Summary Judgment (Doc. No. 14) filed by the defendant, Orix Financial Services, Inc. ("Orix"). SouthTrust and Orix are secured creditors of the debtor, Management by Innovation, Inc. ("MBI") and have security interests in some of the same collateral. SouthTrust initiated this adversary proceeding seeking a judgment that its security interest in the collateral is superior to Orix's despite the fact that its security interest arose *after* Orix filed UCC–1 financing statements concerning the same collateral, contending that the financing statements filed by Orix are misleading and insufficiently describe all of the encumbered collateral in violation of Florida Statute Section 679.1081. The sole issue presented in the parties' motions for summary judgment is whether Orix's financing statements sufficiently describe the encumbered collateral. For the reasons explained below, Orix's motion for summary judgment is granted and SouthTrust's is denied.

The parties agree that there are no disputed facts. On June 15, 1999, long before MBI filed its Chapter 11 case, MBI executed an equipment lease agreement with Orix to lease a large printing press described as a "Komori Lithone, Model L426111, S/N:346." (Exhibit A, attached)* . The description of the equipment is

* Editor's note: Exhibits referenced in this opinion are not included in this publication.

prominently placed in a large box at the top of the 1999 lease. However, paragraph nine of the lease further provides that:

> "The lessee [MBI] grants the lessor [Orix] a security interest in the equipment and any and all documents, instruments, chattel paper, goods, general intangibles, inventory, machinery, contracts rights equipment, fixtures, accounts and insurance in which lessee now or hereafter has any right or interest...[which] secures the payment, performance and fulfillment of all the obligations of lessee to lessor."

Shortly after executing the 1999 lease, on June 28, 1999, Orix filed a UCC–1 financing statement with the State of Florida to perfect its security interest (Exhibit B, attached). Section 5 of the 1999 financing statement lists the property subject to Orix's security interest as: "The property and/or the equipment and all other types of collateral as described **in this attached entire agreement** [the equipment lease] and in any schedule attached thereto. The attached security agreement and any schedule attached thereto are being submitted for filing as a financing statement." (Emphasis added).

In 2000, MBI executed and filed a similar equipment lease agreement and UCC–1 financing statement with the State of Florida. For all practical purposes, the financing statement and lease executed in 1999 are identical to those executed in 2000 except that the 2000 lease addresses a different type of printing press, a "Komori, 20″X26″ 4 Color Lithone Sheet Fed Press."

SouthTrust acknowledges that Orix's financing statements and related equipment leases plainly and conspicuously described the two printing presses Orix leased to MBI and agrees that Orix holds a first priority security interest in this equip-

ment. SouthTrust does assert, however, that Orix has no blanket lien in MBI's other personal property because the financing statements are misleading and insufficiently describe any collateral other than the printing presses. Orix allegedly buried the text of the blanket lien in small type in a paragraph toward the end of the first page of the equipment lease.

Conversely, Orix contends that the financing statements are *not* misleading, that they clearly describe the property subject to Orix's security interest, and that they are adequate to put any subsequent creditors, such as SouthTrust, on notice. Accordingly, Orix contends that it has a first priority, valid and enforceable blanket lien in substantially all of MBI's other personal property in addition to its liens on the leased equipment.

Because no material factual disputes preclude entry of summary judgment as a matter of law, the issue presented is properly resolved on summary judgment. Pursuant to Federal Rule of Civil Procedure 56, which is applicable under the Federal Rule of Bankruptcy Procedure 7056, a court may grant summary judgment where "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56. The moving party has the burden of establishing the right to summary judgment. *Fitzpatrick v. Schiltz (In re Schiltz),* 97 B.R. 671, 672 (Bankr. N.D.Ga.1986). In determining entitlement to summary judgment, a court must view all evidence and make all reasonable inferences in favor of the party opposing the motion. *Haves v. City of Miami,* 52 F.3d 918, 921 (11th Cir.1995) (*citing Dibrell Bros. Int'l S.A. v. Banca Nazionale Del Lavoro,* 38 F.3d 1571, 1578 (11th Cir. 1994)). Therefore, a material factual dispute precludes summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S.

242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When opposing a motion for summary judgment, a party may not simply rest on the pleadings but must demonstrate the existence of elements essential to the non-moving party's case and for which the non-moving party will bear the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (*cert. denied*, 484 U.S. 1066, 108 S.Ct. 1028, 98 L.Ed.2d 992 (1988)).

 Section 679.1081 of the Florida Statutes sets forth the test to determine the sufficiency of the description of collateral in both a security agreement and a financing statement. Section 679.1081(1) provides, in relevant part, that a description of collateral is sufficient if it reasonably identifies what is described. Courts are directed to specifically consider whether the collateral description in a financing statement is sufficient to give third-party creditors notice of the type of collateral that may be subject to a security interest. *American Restaurant Supply Co. v. Wilson*, 371 So.2d 489 (Fla. 1st Dist.Ct.App. 1979). A description of collateral in a financing statement is sufficient if "the description does the job assigned to it: it makes possible the identification of the thing described." *Official Comment*, Section 9–108 of the Uniform Commercial Code.

The Eleventh Circuit Court of Appeals has addressed this precise issue on almost identical facts in *Leasing Serv. Corp. v. Hobbs Equipment Co.*, 894 F.2d 1287 (11th Cir.1990).[1] In *Hobbs*, the lessor with the earlier-in-time financing statement sought to recover proceeds paid to a later-in-time creditor. Similar to this case, the lessor had leased equipment to a debtor who then filed a Chapter 11 reorganization case. The parties' equipment lease had text granting a blanket lien, similar to the equipment leases signed by MBI in this case. Further, the lessor in *Hobbs* filed a financing statement that attached the equipment lease, just as in this case. In concluding that the lessor held a valid first priority blanket lien, the Eleventh Circuit Court of Appeals found that any creditor, but particularly a bank, could read the attached equipment lease and determine that the lessor claimed a blanket lien. The court found that the financing statement was clear and that the bank's failure to read the entire lease agreement was inexcusable. *Hobbs*, 894 F.2d at 1290, 1291.

Here, paragraph nine of Orix's leases clearly and sufficiently list the types of collateral encumbered by the security interest granted to Orix by the debtor. Specifically, paragraph nine of the leases grant Orix a security interest in, among other things, all documents, instruments, chattel paper, goods, general intangibles, inventory, machinery, contract rights, equipment, fixtures, accounts, and insurance. The leases are standard commercial type documents and are only two pages in length. While the type *is* small, the agreements are legible. Moreover, the language used in paragraph nine granting the blanket security lien is clear and would be sufficient to put any reasonable creditor exercising due diligence on notice that a prior blanket lien could potentially exist.

 The fact that the collateral description is contained in an equipment lease attached to the financing statements is irrelevant under the standard articulated by the Eleventh Circuit Court of Appeals in *Hobbs*. Subsequent creditors are

---

1. The *Hobbs* decision was decided under Alabama law. However, the relevant sections of the Uniform Commercial Code as adopted in both Alabama and Florida are identical. Interestingly, the lessor in *Hobbs* asserting a similar blanket lien was a predecessor in interest to Orix, the lessor in this case. So, even the parties have some commonality.

charged with the obligation to read the entire document, not just select portions of filed financing statements. Any reasonable creditor reviewing the financing statements in this case would have been able to identify the general types of collateral in which Orix is asserting a security interest. SouthTrust simply failed to do so.

Therefore, Orix's financing statements are enforceable. Any creditor exercising due diligence and reasonable care in searching the records would find the blanket lien. They need not be prophets. *Durbin v. Jefferson National Bank,* 46 B.R. 595, 600 (Bankr.S.D.Fla.1985) (*citing Ray v. City Bank and Trust Co. of Natchez, Mississippi,* 36 Ohio Misc. 83, 358 F.Supp. 630 (1973)).

Accordingly, because the court concludes that Orix's financing statements are sufficient to provide adequate notice to third-party creditors, the court further must conclude that Orix's blanket security lien is superior in time and enforceable against SouthTrust's later lien encumbering the same or similar property. As such, Orix's Cross–Motion for Summary Judgment (Doc. No. 14) is granted. Judgment will be entered in favor of Orix and against SouthTrust. SouthTrust's Motion for Summary Judgment (Doc. No. 4) is denied. A separate order consistent with this memorandum opinion shall be entered.