**In re Joseph F. LOHR, Debtor.**

**No. 8:96–BK–5768–PMG.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 8, 2006.

Malka Isaak, Law Office of Malka Isaak, Tampa, FL, Matthew J. Kovschak, Matthew J. Kovschak PA, Bartow, FL, for Debtor.

## ORDER ON MOTION FOR SUMMARY JUDGMENT REGARDING MOTION TO DETERMINE STATUS OF CLAIM

PAUL M. GLENN, Chief Judge.

**THIS CASE** came before the Court for hearing to consider the Motion for Summary Judgment filed by the Polk County Tax Collector. The Motion relates to a Motion to Determine Status of Claim filed by the Debtor, Joseph F. Lohr.

The issue is whether certain debts owed to the Polk County Tax Collector (Tax Collector) were discharged in the Debtor's Chapter 13 case. The Tax Collector contends that there are no genuine issues of material fact, and that it is entitled to the entry of a judgment determining that the debts were "not discharged in this bankruptcy case and remain due and owing" from the Debtor.

### Background

The Debtor filed a petition under Chapter 13 of the Bankruptcy Code on May 3, 1996. At the time that the petition was filed, the Debtor owned various apartment buildings and other real property located in Polk County, Florida. (Doc. 11).

On May 23, 1996, the Tax Collector filed Proof of Claim Number 1 in the Debtor's case. Claim Number 1 was filed as a secured claim for real estate taxes in the amount of $58,480.03. The Claim referred to three separate account numbers (013023–000000–034010, 192824–235000–000071, and 192824–235000–000072), and stated that the debt was incurred from 1989 through 1995.

On September 19, 1996, the Tax Collector filed Proof of Claim Number 10 as an amendment to Claim Number 1. According to the Tax Collector, Claim Number 10 was filed because the tax debt for one year, on one parcel of property, had been omitted from Claim Number 1. (Tran-

script, p. 34). In any event, Claim Number 10 was filed as a secured claim for real estate taxes in the amount of $5,839.36. The Claim referred to one account number (192824–235000–000072), and stated that the debt was incurred on January 1, 1995.

On January 17, 1997, the Debtor filed his Second Amended Chapter 13 Plan (the Plan). (Doc. 94). With respect to the property tax claims, the Second Amended Plan provided:

> Debtor is indebted to the Tax Collector of Polk County, Florida and several certificate holders for real estate taxes relating to several properties and several years. The Tax Collector and all certificate holders will be paid in full in 60 graduated monthly installments through the life of this Plan together with interest at the rate applicable to each indebtedness.

The Plan then listed each property tax creditor separately, stated the amount that the Debtor believed to be due to each creditor, and set forth the interest that the Debtor proposed to pay to each creditor under the Plan.

Significantly, the Plan also dealt specifically with the effect of the Debtor's discharge:

> In addition to Effect of Discharge provided by the Bankruptcy Code, the entry of a discharge in this Chapter 13 case shall act as a satisfaction in full of the debt owed to the Tax Collector of Polk County and the certificate holders described in Paragraph A above, and the cancellation of their liens. The discharge order shall automatically trigger the foregoing provisions.

(Doc. 94, Paragraph C).

A hearing to consider confirmation of the Plan was conducted on August 29, 1997. (Doc. 161).

On September 17, 1997, the Court entered an Order Confirming Plan. (Doc. 142). The Order required the Debtor to pay to the Chapter 13 Trustee the sum of $1,209.00 per month for sixty months, and contemplated the payment of all allowed claims in full. In the event that the funds received by the Trustee from the scheduled payments were insufficient to pay creditors in full, the payments made by the Debtor would be "increased as necessary during the last 24 months of the Plan in order to accomplish the same." Finally, the Order Confirming Plan provided that the "Trustee shall first pay any allowed property tax claim for the Polk County Tax Collector in full, together with applicable interest."

On October 3, 1997, the Court entered an Order Allowing and Disallowing Claims and Disbursements. (Doc. 143). The exhibit to the Order indicated that the Tax Collector's Claim Number 1 was allowed as a secured claim in the amount of $58,480.03, "plus applicable interest." The exhibit also indicated that the Tax Collector's Claim Number 10 was an "allowed claim not receiving distributions," and that Claim Number 10 was "dealt with to the extent of claim No. 1."

The Debtor acknowledges that the property tax set forth in Claim Number 10 was a separate debt from the property taxes set forth in Claim Number 1. According to the Debtor, however, it appears that Claim Number 10 was mistakenly construed as "included in" Claim Number 1 at the time that the Order Allowing and Disallowing Claims was prepared. The Debtor further acknowledges, therefore, that the treatment afforded to Claims 1 and 10 was erroneous, and that the Order Allowing and Disallowing Claims should have provided for the Trustee to make distribution on Claim Number 1 and Claim Number 10 under the Plan. (Transcript, pp. 15–16, 20).

Neither the Debtor nor the Tax Collector filed a Motion to reconsider the Order Allowing and Disallowing Claims.

Pursuant to the confirmed Plan, the Debtor submitted monthly payments of $1,209.00 to the Trustee for four and one-half years, commencing with the payment made on July 16, 1996, and continuing each month thereafter until January 25, 2001. (Doc. 147).

On March 6, 2001, the Chapter 13 Trustee filed his Notice to Court of Completion of Payments under Confirmed Chapter 13 Plan. (Doc. 145).

On March 7, 2001, the Court entered an Order Discharging Debtor after Completion of Chapter 13 Plan. (Doc. 146). According to the Order, the Debtor was discharged "from all debts provided for by the plan," pursuant to § 1328 of the Bankruptcy Code.

On May 3, 2001, the Trustee filed his Final Report and Accounting. (Doc. 147). The Final Report reflects that the Trustee had paid the total sum of $59,219.32 to the Tax Collector during the term of the Plan. It further appears from the Report that the total distribution was intended to represent 100% of the principal amount of the Tax Collector's Claim Number 1.

A typed comment on the Report indicates that the amount of the distribution was verified as the "Dec'00 payoff per C. Baldwin @ tax off." The typed comment, however, was not fully explained by either of the parties at the hearing.

Consistent with the Order Allowing and Disallowing Claims, the Final Report does not reflect that the Trustee paid any sums to the Tax Collector with respect to Claim Number 10.

On January 17, 2006, almost five years after the entry of the Order Discharging Debtor, the Tax Collector sent a "Tax Deed Sale Warning" to the Debtor. The Notice referred to Account Number 013023–000000–034010, Certificate Number 3902/1995, and stated:

This notice is sent to advise you that the Tax Deed process will begin very soon on the above referenced property. This will result in the property being sold at a public auction unless delinquent taxes are paid.

The amount to redeem all delinquent taxes is $26,331.11 for the years 1992–1995. In order to prevent the tax deed process at this time; payment of $8,252.35 must be in our office no later than 1/27/06.

(Doc. 154, Exhibit A).

The account identified in the Notice was one of the three accounts included in the Tax Collector's Proof of Claim Number 1, and the tax debt clearly relates to prepetition tax years.

On January 24, 2006, the Debtor filed a Motion to Determine Status of Claim and Emergency Motion to Enforce Permanent Discharge Injunction Pending Disposition of Motion. (Doc. 154). In the Motion, the Debtor asserts that the tax described in the Notice was discharged by virtue of the Orders entered in this case, and that the Tax Collector is therefore enjoined from pursuing the claim against the Debtor.

The Tax Collector subsequently filed the Motion for Summary Judgment that is presently at issue. Essentially, the Tax Collector contends that the amount reflected in its January 2006 Notice remains due, after applying the amounts received by it under the confirmed Plan, and that the outstanding balance was not discharged in the Debtor's Chapter 13 case.

The Tax Collector filed the Affidavit of Connie J. Baldwin in support of its Motion for Summary Judgment. (Doc. 165). In the Affidavit, Baldwin asserts that (1) the Tax Collector had adjusted the interest

rates on all of its claims to correspond to the rates in the Debtor's Plan; (2) the Tax Collector had credited all payments from the Chapter 13 Trustee to Claim Number 1; (3) the balance due on Claim Number 1, after applying the payments from the Trustee, is $16,427.64 through May 31, 2006; and (4) the balance due on Claim Number 10 is $10,279.86 through May 31, 2006.

The Debtor filed an Affidavit in Opposition to the Motion for Summary Judgment. In his Affidavit, the Debtor asserts (1) that he made all of the payments that he was required to make under his confirmed Plan, (2) that the Trustee made all disbursements to creditors that were required by the confirmed Plan, and (3) that the Tax Collector's Claim Number 1 was paid, with interest, through the confirmed Plan. (Doc. 168, Paragraphs 8–10).

## Discussion

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, as made applicable to this contested matter by Rule 9014 of the Federal Rules of Bankruptcy Procedure, a Court may grant summary judgment where "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

In evaluating a motion for summary judgment, the court must consider the record in the light most favorable to the nonmoving party. The burden is on the moving party to establish its entitlement to the entry of a judgment in its favor. *In re Management by Innovation, Inc.*, 321 B.R. 742, 744 (Bankr.M.D.Fla.2005).

In this case, the Tax Collector "requests this Court to grant him summary judgment finding that the amounts due are not discharged in this bankruptcy case and remain due and owing from this Debtor." (Doc. 164).

The Court finds that the Tax Collector's Motion should be denied. The Tax Collector has not shown that the property tax debt was excluded from the Discharge received by the Debtor. Further, the Tax Collector may not collaterally challenge the validity of the Order Discharging Debtor that was entered in 2001.

### A. "Provided for by the plan"

■ Section 1328 of the Bankruptcy Code governs the discharge of Debtors in Chapter 13 cases. That section provides in part that "[a]s soon as practicable after completion by the debtor of all payments under the plan, ... the court shall grant the debtor a discharge of *all debts provided for by the plan* or disallowed under section 502 if this title," with certain exceptions not applicable in this case. 11 U.S.C. § 1328(a)(Emphasis supplied).

■ Under § 1328(a), therefore, a debt is discharged if it is "provided for" in the Debtor's plan and is not statutorily excepted from discharge.

■ The phrase "provided for" has been broadly interpreted by Courts construing the scope of a debtor's discharge.

Debts that are "provided for" by the plan are discharged. 11 U.S.C. § 1328. Providing for a debt or claim in the plan, however, is not synonymous with paying the claim. "Provided for" as used in Section 1328(a) "simply requires that for a claim to become dischargeable, the plan must make provision for it, i.e. deal with it or refer to it." *In re Daniel,* 107 B.R. 798, 802 (Bankr.N.D.Ga.1989)(internal quotes and cites omitted). A claim can be provided for in a plan even though the creditor neither receives, nor is entitled to payment from the plan. (Citations omitted).

A plan may provide for full payment of a claim, as required by the Code. The

failure of the creditor to receive payment, however, does not make the claim ineligible for discharge.

*IRS v. DiPasquale,* 2006 WL 1207990, at *5 (D.N.J.). In *DiPasquale,* for example, the debtor's plan provided that the IRS's secured claim would be paid in full from the sale of the debtor's residence. The IRS, however, failed to include the secured portion of its claim in its formal Proof of Claim, and the claim was therefore valued at zero. *IRS v. DiPasquale,* 2006 WL 1207990, at *2, 6.

The Court found that the entire debt owed to the IRS was discharged, and directed the IRS to release its lien.

> Providing for the secured claim and lien in the Plan ... made the claim subject to discharge pursuant to Section 1328. As recognized *supra,* a debt is subject to discharge when it is provided for in a plan, not when it is paid. Similar to the plan in *Dixon,* the DiPasquales' plan provided that the IRS would receive full payment. Failure to pay the debt or submit full payment, however, does not affect whether the claim can be discharged. To be dischargeable, it is sufficient that the Plan acknowledged or referred to the IRS's secured claim and lien. While the IRS may not have received full payment of the secured claim as the Plan indicated, the Plan did provide for the IRS's claim.

*Id.* at *6. Since the debtor's plan in *DiPasquale* provided for the release of the IRS's lien upon the completion of payments under the Plan, the lien did not survive the discharge. *Id.* at *5-6.

Similarly, in *In re Bryant,* 323 B.R. 635, 643 (Bankr.E.D.Pa.2005), the Court recognized that § 1328 controls the nature of the discharge received by a debtor.

> Discharge of a debt under § 1328 does not depend on whether the creditor holds an allowed claim. If the debt is

"provided for" in the Plan and absent any exception to discharge, it is discharged without regard to whether the creditor's claim was allowed or even if the creditor received distribution under the confirmed plan.

*In re Bryant,* 323 B.R. at 643. In *Bryant,* therefore, a creditor's preconfirmation claim was discharged and its lien was satisfied because the debt was "provided for" in the plan, even though the plan incorrectly stated the amount of the claim. *Id.* at 644–45.

In this case, it is clear that the Tax Collector's claim was "provided for" in the Debtor's Plan. Section A of the Plan states that the Tax Collector "will be paid in full in 60 graduated monthly installments through the life of this Plan together with interest at the rate applicable to each indebtedness." The Plan then sets forth the proposed amount that would be paid with respect to each property tax claim. Section D of the Plan consists of an "estimate of anticipated distributions," and includes the Tax Collector as a creditor to be paid under the Plan. Finally, Section C of the Plan provides that the entry of a Discharge in the case "shall act as a satisfaction in full of the debt owed to the Tax Collector."

The Order Confirming Plan that was entered on September 17, 1997, provides:

> The only secured creditors dealt with under the Plan as confirmed, except to the extent that secured creditors may have unsecured claims, are the Polk County Tax Collector or any other creditor having a valid property tax certificate....

> The Trustee shall first pay any allowed property tax claim for the Polk County Tax Collector in full, together with applicable interest.

(Doc. 142). The Order Allowing and Disallowing Claim entered on October 3, 1997, listed the Tax Collector's Claim Number 1 as an "allowed secured claim," and the Tax Collector's Claim Number 10 as an "allowed claim not receiving distribution." Although the classification of Claim Number 10 may have been erroneous, no party ever sought reconsideration of the Order and the Trustee administered the case in accordance with the Order Confirming Plan and the designation of allowed claims.

The Tax Collector's claims were dealt with and treated in the Plan, the Order Confirming Plan, and the Order Allowing and Disallowing Claims. The debt owed to the Tax Collector was "provided for" by the Debtor's Plan within the meaning of § 1328 of the Bankruptcy Code.

### B. The Order Discharging Debtor

The Tax Collector's claims were provided for by the Debtor's Plan, and therefore subject to discharge pursuant to § 1328 of the Bankruptcy Code. It appears that the Tax Collector seeks to avoid the effect of the Order Discharging Debtor, however, on the basis that the Debtor had not paid the claims in full as contemplated by the Plan. Consequently, the Tax Collector contends that a balance remains outstanding on the claims that should be paid by the Debtor. (Transcript, p. 10).

■ If the Tax Collector contends that the Order Discharging Debtor was improvidently entered because the Debtor had not completed his payments under the Plan, its remedy was to request reconsideration or revocation of the Order in accordance with the provisions that govern relief from such orders.

Rule 59 of the Federal Rules of Civil Procedure, as made applicable to bankruptcy cases by Rule 9023 of the Federal Rules of Bankruptcy Procedure, for example, permits a party to request a new trial for the reasons prescribed by the Rule. Such a motion for new trial must be filed within ten days after entry of the order or judgment. Fed.R.Civ.P. 59(a),(b).

Additionally, Rule 60(b) of the Federal Rules of Civil Procedure, as made applicable to bankruptcy cases by Rule 9024 of the Federal Rules of Bankruptcy Procedure, permits a party to obtain relief from a judgment or order on the grounds of "mistake, inadvertence, surprise, or excusable neglect." A motion for such relief must be filed "not more than one year after the judgment, order, or proceeding was entered or taken." Fed.R.Civ.P. 60(b).

Finally, § 1328(e) of the Bankruptcy Code provides that a chapter 13 debtor's discharge may be revoked only if the discharge was obtained through fraud and the moving party did not learn of the fraud until after the discharge was granted. The request for revocation must be made within one year after the discharge was granted. 11 U.S.C. § 1328(e).

Absent strict compliance with one of the provisions described above, courts generally have not permitted a creditor to challenge the effect of an Order Discharging Debtor.

In *In re Puckett*, 193 B.R. 842, 843 (Bankr.N.D.Ill.1996), for example, the IRS filed a motion to reopen a chapter 13 case and revoke the discharge on the ground that the debtor had not paid the IRS's late-filed priority claim in full. The Court found that the IRS had not satisfied the requirements for relief from the Order under Rule 60(b), and that the Order therefore was not subject to such collateral attack. *In re Puckett*, 193 B.R. at 847. See also *In re Trembath*, 205 B.R. 909, 914 (Bankr.N.D.Ill.1997)(Collateral attacks on final Discharge Orders are "severely restricted.")

In this case, the Order Discharging Debtor was entered on March 7, 2001. The Order discharged all of the Debtor's debts that were "provided for by the Plan." The Tax Collector's claims were provided for by the Plan, as shown above, and therefore were subject to the Discharge.

The Tax Collector did not seek relief from the Discharge Order under Rule 59 within ten days after its entry, did not seek relief from the Order under Rule 60 within one year after its entry, and did not file a motion to vacate the Order under § 1328(e) within one year after its entry.

█ Instead, on January 17, 2006, almost five years after the entry of the Discharge Order, the Tax Collector issued a "Tax Deed Sale Warning" to the Debtor, and now asserts that remaining balance of its claim was not discharged in the bankruptcy case. The Discharge Order is not subject to such collateral attack.

The Tax Collector has not shown that it is entitled to the entry of an Order determining that the balance of its claim was not discharged in the Debtor's Chapter 13 case.

### Conclusion

The Debtor commenced this contested matter by filing a Motion to Determine Status of Claim. The issue is whether the remaining balance of certain debts owed to the Polk County Tax Collector were discharged in the Debtor's Chapter 13 case. In the Motion currently under consideration, the Tax Collector seeks the entry of a summary judgment determining that the remaining amounts claimed were not discharged.

The Motion for Summary Judgment should be denied. The debt owed to the Tax Collector was provided for by the Plan, and therefore was subject to the Order Discharging Debtor entered on March 7, 2001. The Order Discharging Debtor is a final Order of this Court that is not subject to collateral attack. Consequently, the Tax Collector has not shown that it is entitled to a judgment determining that the tax claims at issue were not discharged in this case.

At the hearing on Motion for Summary Judgment, the Debtor asked the Court not only to deny the Tax Collector's Motion, but also to grant his underlying Motion to Determine Status of Claim. Since the Tax Collector's Motion was the only matter properly noticed for hearing, however, the Court will limit its ruling to the Motion for Summary Judgment. The Debtor's Motion to Determine Status of Claim will be rescheduled for hearing by separate notice.

Accordingly:

**IT IS ORDERED** that the Motion for Summary Judgment filed by the Polk County Tax Collector is denied.